**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Tommy Earl JONES, Defendant—Appellant.**

No. 07–10126.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2007.

Filed Dec. 18, 2007.

Robert L. Ellman, Esq., Andrew W. Duncan, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**970**

Rene L. Valladares, Esq., Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: COWEN,* HAWKINS, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Tommy Earl Jones ("Jones") appeals the denial of his motion to suppress, following which he entered a conditional guilty plea to 18 U.S.C. § 922(g)(1) (felon in possession of firearm). We affirm.

Following an evidentiary hearing on Jones's motion, the district court properly concluded that law enforcement officers, executing a valid search warrant and aware that the apartment occupants had earlier threatened an informant making a controlled narcotics purchase there, reasonably believed that the firearm they discovered in the apartment had a nexus to the suspected drug trafficking. *United States v. Simpson,* 10 F.3d 645, 647 (9th Cir.1993), *vacated on other grounds by* 513 U.S. 983, 115 S.Ct. 477, 130 L.Ed.2d 391 (1994). The Supreme Court's rejection in *Richards v. Wisconsin,* 520 U.S. 385, 391–92, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997), of a "blanket exception" to the knock-and-announce requirement, based on a presumed categorical nexus between narcotics and violence, in no way undermines the rationale of *Simpson.* In *Simpson,* while acknowledging the "close relationship between drugs and firearms in the narcotics trade," *Simpson,* 10 F.3d at 647, we nevertheless pointed to a *specific* nexus between the narcotics activity and the weapon found, *id.* ("[h]ere, it was reasonable for the investigating officers to infer that the AR–15 rifle was incriminating evidence of a narcotics offense" considering "the breadth of this drug conspiracy and prior conspiracies in which Simpson was involved.").

## AFFIRMED.

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.